UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-12003-RWZ

STORAGE CAP LEASING, LLC et al.

v.

WOODNB, LLC et al.

MEMORANDUM & ORDER

August 30, 2021

ZOBEL, S.D.J.

Plaintiffs and defendants entered into purchase and sale agreements concerning two commercial properties in Massachusetts. Neither deal was completed as planned, and plaintiffs now seek damages for defendants' alleged fraud in connection with the agreements. Defendants have filed motions to dismiss the amended complaint, citing failure to comply with Rules 8 and 9(b) and failure to state a claim under Rule 12(b)(6). (Docket ## 31, 32).

With respect to counts I, III, IV, and V, defendants assert that the amended complaint lacks specificity in each claim. The allegations are nonetheless sufficient to put defendants on notice as to the nature of plaintiffs' claims and defendants' alleged role in the events described.

Defendants seek to dismiss count V for the additional reason that it appears to plead an intracorporate conspiracy. "Under this principle—sometimes called the intracorporate-conspiracy doctrine—an agreement between or among agents of the

1

same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." Hagenah v. Berkshire Cty. Arc, Inc., No. 16-cv-30141, 2018 U.S. Dist. LEXIS 24696, at *22–23 (D. Mass. Feb. 15, 2018) (quoting Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017)).  However, the information about the organization of the defendant entities and the individual defendant's role in each at this early stage of the case is still limited.  It is thus not yet clear whether the conspiracy alleged is an intracorporate one.  Lastly, defendant Dennis L. Wood seeks to dismiss count VI because he is not a signatory to the agreements.  Plaintiffs allege, however, that he was named as a party to the agreements and took actions consistent with someone who was bound by them.

Overall, these issues are fact-intensive and inappropriate for disposition on a motion to dismiss, wherefore the motions (Docket ## 31, 32) are DENIED.  Further, having provided the requisite notice required under Local Rule 15.1(b), plaintiffs have leave to amend the complaint to correct the name of the Trust defendant in the caption and to add Alberta P. Wood as a defendant.[1]

August 30, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs may also correct the typographical errors in the amended complaint that they identified in their opposition brief.  See (Docket # 41 at 4 n.7).